UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JEFFERY MURRAY #245927,

        Petitioner,               Case No. 2:11-cv-17

v.                                     Honorable R. Allan Edgar

GARY CAPELLO,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner is a state prisoner who is incarcerated at the Marquette Branch Prison (MBP). Petitioner was convicted of unarmed robbery and was sentenced to 3 to 15 years imprisonment on October 19, 1995.[1] Petitioner filed a motion for relief from judgment on October 20, 1998, which was denied on May 5, 2000. Petitioner then filed a motion to correct mistakes in the presentence investigation report on May 29, 2002, which was denied on August 14, 2002. Petitioner's appeal was denied by the Michigan Court of Appeals on May 21, 2003. Petitioner filed a motion for evidentiary hearing, for appointment of counsel, and for relief from judgment on August 21, 2003. Petitioner's motion was denied on September 10, 2003. On May 11, 2004, petitioner filed a motion to vacate, which was denied on May 25, 2004. On April 12, 2005, petitioner's motion for relief from judgment was returned without filing in the trial court. On April 22, 2009, petitioner's motion for relief from judgment was returned without filing. Petitioner has now filed this application for habeas corpus relief.

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] It appears that Petitioner is also serving a 20 year sentence for delivery and manufacture of cocaine, which was imposed on January 12, 1996. *See* MDOC Offender Tracking Information System (OTIS), http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=245927.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, Petitioner appealed his conviction to the Michigan Court of Appeals. This appeal was denied on July 13, 2006. Petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court. Therefore, the statute of limitations began to run on Petitioner's convictions on September 7, 2006, the last date on which he could have filed a direct appeal to the Michigan Supreme Court.

According to petitioner's application, he did not file a direct appeal. Petitioner had until October 19, 1996, to file a late appeal. *See* MCR 7.205(F)(3) (generally prohibiting late appeals more than 12 months after entry of an order or judgment on the merits). Therefore, the one year

statute of limitations began to run on October 19, 1996. Petitioner took no further action until he filed a motion for relief from judgment on October 20, 1998, more than one year after the expiration of the limitations period. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 3, 2011

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).